# EXHIBIT 1

6/28/2018 8:10 AM
FILED
Lake County, Illinois
Clerk of the Circuit Court
ERIN CARTWRIGHT WEINSTEIN
189624
#6296300

Schippers

IN THE CIRCUIT COURT OF LAKE COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| ROSEANN RICE, Special Representative of DAVID RICE, deceased, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 18L508 |
| ZOLL MEDICAL CORPORATION & ZOLL SERVICES, LLC, | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES the plaintiff, ROSEANN RICE, Special Representative of DAVID RICE, deceased, by and through her attorneys, LAUREN A. BUCHANAN & ASSOCIATES, P.C., and in support of her Complaint at law against the defendants, ZOLL MEDICAL CORPORATION and ZOLL SERVICES, LLC hereby states as follows:

### COUNT I
(Negligence/Wrongful Death – ZOLL MEDICAL CORPORATION)

1. On and prior to January 5, 2018, ZOLL MEDICAL CORPORATION was a foreign corporation (Massachusetts) licensed to do business in the State of Illinois which designed, marketed, manufactured, sold and distributed the Zoll 4000 Life Vest, a wearable defibrillator marketed as a treatment option for patients at risk for sudden cardiac arrest (SCA).

2. On and prior to January 5, 2018 ZOLL SERVICES, LLC was a foreign limited liability corporation (Nevada) which designed, marketed, manufactured, sold and distributed the Zoll 4000 Life Vest, a wearable defibrillator marketed as a treatment option for patients at risk for sudden cardiac arrest (SCA).

3. The Zoll 4000 Life Vest allows patients to return to their activities of daily living while having the peace of mind that they are protected from SCA.

**NOTICE**
**PURSUANT TO LCR - 2-2.14**
**THIS CASE IS HEREBY SET FOR AN INITIAL CASE MANAGEMENT CONFERENCE IN COURTROOM C303 ON 09/11/2018 AT 9:00AM A.M./P.M.**
**FAILURE TO APPEAR MAY RESULT IN THE CASE BEING DISMISSED OR AN ORDER OF DEFAULT BEING ENTERED.**

4. The Zoll 4000 Life Vest provides constant monitoring, immediate protection and offers peace of mind for patients.

5. When the Zoll 4000 Life Vest detects a sustained, treatable, life-threatening arrhythmia, it will deliver a treatment shock to restore normal heart rhythm, and the time from detection of the arrhythmia to the delivery of the shock is usually less than one minute.

6. Timely defibrillation is the single most important factor in saving the life of a victim with SCA. With each passing minute, a patient's chances of survival decrease by 10%.

7. DAVID RICE was a patient of Northwest Community Hospital in Arlington Heights, Illinois from December 29, 2018 until his discharge home on January 3, 2018.

8. DAVID RICE was prescribed a Zoll 4000 Life Vest in the hospital during his stay.

9. DAVID RICE was given the Zoll 4000 Life Vest by an agent or employee of ZOLL MEDICAL CORPORATION and/or ZOLL SERVICES, LLC on or about January 3, 2018.

10. DAVID RICE wore the Zoll 4000 Life Vest at all times herein relevant.

11. On January 5, 2018, DAVID RICE suffered sudden cardiac arrest in his home.

12. The Zoll 4000 Life Vest did not deliver a shock in response to the sudden cardiac arrest.

13. The Zoll 4000 Life Vest went off approximately 20-25 minutes after DAVID RICE had died from sudden cardiac arrest, in the presence of the responding paramedics and police officers.

14. That at all times herein relevant, it was the duty of the defendant, ZOLL MEDICAL CORPORATION, by and through its agents and employees to exercise ordinary care in the design, marketing, manufacture, sale and distribution of its product, the Zoll 4000 Life Vest.

15. That notwithstanding its duty as aforestated, the defendant, ZOLL MEDICAL CORPORATION, was then and there guilty of one or more or all of the following negligent acts or omissions to act:

(a) carelessly and negligently designed, marketed, manufactured, sold and distributed the Zoll 4000 Life Vest;

(b) carelessly and negligently failed to address defects in the diagnostic and detection software for the Zoll 4000 Life Vest;

(c) carelessly and negligently failed to address defects in the treatment software for the Zoll 4000 Life Vest;

(d) carelessly and negligently failed to address defects in the heart sensors and/or electrodes of the Zoll 4000 Life Vest;

(e) carelessly and negligently failed to address defects in the connector connecting the electrode belt to the monitor of the Zoll 4000 Life Vest;

(f) carelessly and negligently failed to address defects in the vibration box connecting the heart sensors to the therapy pads of the Zoll 4000 Life Vest;

(g) carelessly and negligently failed to address defects in the therapy pads of the Zoll 4000 Life Vest;

(h) carelessly and negligently failed to address defects in the Zoll 4000 Life Vest, making it an unsafe product;

(i) carelessly and negligently failed to warn its consumers about the dangers of the Zoll 4000 Life Vest.

16. That as a direct and proximate result of the aforesaid acts or omissions to act, DAVID RICE died on January 5, 2018.

17. At all times herein relevant, Illinois adopted the Wrongful Death Act, 740 ILCS 180/1-2, which provided in pertinent part as follows:

> "Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who or company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured and although the death shall have been caused under such circumstances as amount in law to felony. (740 ILCS 180/1)"
>
> Every such action shall be brought by and in the names of the personal representatives of such deceased person, and, except as otherwise hereinafter provided, the amount recovered in every such action shall be for the exclusive benefit of the surviving spouse and next of kin of such deceased person and in every such action the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death, to the surviving spouse and next of kin of such deceased person. (740 ILCS 180/2)."

18. DAVID RICE left surviving heirs: his wife, ROSEANN RICE and his two children, TIMOTHY RICE and SAMANTHA RICE.

19. As a result of the death of DAVID RICE, ROSEANN RICE and the children have been deprived of the society, companionship, love and affection of their husband and father, and have experienced tremendous grief and suffering as a result of his death.

20. That ROSEANN RICE is the Special Representative of DAVID RICE, deceased.

WHEREFORE, the plaintiff, ROSEANN RICE, Special Representative of DAVID RICE, deceased, prays that this Court enter judgment in her favor and against the defendant, ZOLL MEDICAL CORPORATION, in a sum exceeding $50,000.00, plus costs.

COUNT II
(Negligence/Survival Claim – ZOLL MEDICAL CORPORATION)

1. On and prior to January 5, 2018, ZOLL MEDICAL CORPORATION was a foreign corporation (Massachusetts) licensed to do business in the State of Illinois which designed, marketed, manufactured, sold and distributed the Zoll 4000 Life Vest, a wearable defibrillator marketed as a treatment option for patients at risk for sudden cardiac arrest (SCA).

2. On and prior to January 5, 2018 ZOLL SERVICES, LLC was a foreign limited liability corporation (Nevada) which designed, marketed, manufactured, sold and distributed the Zoll 4000 Life Vest, a wearable defibrillator marketed as a treatment option for patients at risk for sudden cardiac arrest (SCA).

3. The Zoll 4000 Life Vest allows patients to return to their activities of daily living while having the peace of mind that they are protected from SCA.

4. The Zoll 4000 Life Vest provides constant monitoring, immediate protection and offers peace of mind for patients.

5. When the Zoll 4000 Life Vest detects a sustained, treatable, life-threatening arrhythmia, it will deliver a treatment shock to restore normal heart rhythm, and the time from detection of the arrhythmia to the delivery of the shock is usually less than one minute.

6. Timely defibrillation is the single most important factor in saving the life of a victim with SCA. With each passing minute, a patient's chances of survival decrease by 10%.

7. DAVID RICE was a patient of Northwest Community Hospital in Arlington Heights, Illinois from December 29, 2018 until his discharge home on January 3, 2018.

8. DAVID RICE was prescribed a Zoll 4000 Life Vest in the hospital during his stay.

9. DAVID RICE was given the Zoll 4000 Life Vest by an agent or employee of ZOLL MEDICAL CORPORATION and/or ZOLL SERVICES, LLC on or about January 3, 2018.

10. DAVID RICE wore the Zoll 4000 Life Vest at all times herein relevant.

11. On January 5, 2018, DAVID RICE suffered sudden cardiac arrest in his home.

12. The Zoll 4000 Life Vest did not deliver a shock in response to the sudden cardiac arrest.

13. The Zoll 4000 Life Vest went off approximately 20-25 minutes after DAVID RICE had died from sudden cardiac arrest, in the presence of the responding paramedics and police officers.

14. That at all times herein relevant, it was the duty of the defendant, ZOLL MEDICAL CORPORATION, by and through its agents and employees to exercise ordinary care in the design, marketing, manufacture, sale and distribution of its product, the Zoll 4000 Life Vest.

15. That notwithstanding its duty as aforestated, the defendant, ZOLL MEDICAL CORPORATION, was then and there guilty of one or more or all of the following negligent acts or omissions to act:

(a) carelessly and negligently designed, marketed, manufactured, sold and distributed the Zoll 4000 Life Vest;

(b) carelessly and negligently failed to address defects in the diagnostic and detection software for the Zoll 4000 Life Vest;

(c) carelessly and negligently failed to address defects in the treatment software for the Zoll 4000 Life Vest;

(d) carelessly and negligently failed to address defects in the heart sensors and/or electrodes of the Zoll 4000 Life Vest;

(e) carelessly and negligently failed to address defects in the connector connecting the electrode belt to the monitor of the Zoll 4000 Life Vest;

(f) carelessly and negligently failed to address defects in the vibration box connecting the heart sensors to the therapy pads of the Zoll 4000 Life Vest;

(g) carelessly and negligently failed to address defects in the therapy pads of the Zoll 4000 Life Vest;

(h) carelessly and negligently failed to address defects in the Zoll 4000 Life Vest, making it an unsafe product;

(i) carelessly and negligently failed to warn its consumers about the dangers of the Zoll 4000 Life Vest.

16. That as a direct and proximate result of the aforesaid acts or negligent omissions to act, DAVID RICE lost his chance of survival, and suffered injury and death on January 5, 2018.

17. That prior to dying, DAVID RICE suffered injuries of a personal and pecuniary nature that were directly and proximately caused by the negligent acts or omissions of this Defendant.

18. At all times herein relevant, Illinois adopted the Survival Act 755 ILCS 5/27-6, which provided in pertinent part as follows:

> "Actions which survive. In addition to the actions which survive by the common law, the following also survive: actions of replevin, actions to recover damages for an injury to the person (except slander and libel), actions to recover damages for an injury to real or personal property or for the detention or conversation of personal property, actions against officers for misfeasance, malfeasance, nonfeasance of themselves or their deputies, actions for fraud or deceit, and actions provided in Section 6-21 of an act relating to alcoholic liquors'." (755 ILCS 5/27-6)."

19. DAVID RICE left surviving heirs: his wife, ROSEANN RICE and his two children, TIMOTHY RICE and SAMANTHA RICE, who stand to recover for his injuries.

20. That ROSEANN RICE is the Special Representative of DAVID RICE, deceased.

WHEREFORE, the plaintiff, ROSEANN RICE, Special Representative of DAVID RICE, deceased, prays that this Court enter judgment in her favor and against the defendant, ZOLL MEDICAL CORPORATION, in a sum exceeding $50,000.00, plus costs.

COUNT III
(Strict Products Liability/Wrongful Death – ZOLL MEDICAL CORPORATION)

1. On and prior to January 5, 2018, ZOLL MEDICAL CORPORATION was a foreign corporation (Massachusetts) licensed to do business in the State of Illinois which designed, marketed, manufactured, sold and distributed the Zoll 4000 Life Vest, a wearable defibrillator marketed as a treatment option for patients at risk for sudden cardiac arrest (SCA).

2. On and prior to January 5, 2018 ZOLL SERVICES, LLC was a foreign limited liability corporation (Nevada) which designed, marketed, manufactured, sold and distributed the Zoll 4000 Life Vest, a wearable defibrillator marketed as a treatment option for patients at risk for sudden cardiac arrest (SCA).

3. The Zoll 4000 Life Vest allows patients to return to their activities of daily living while having the peace of mind that they are protected from SCA.

4. The Zoll 4000 Life Vest provides constant monitoring, immediate protection and offers peace of mind for patients.

5. When the Zoll 4000 Life Vest detects a sustained, treatable, life-threatening arrhythmia, it will deliver a treatment shock to restore normal heart rhythm, and the time from detection of the arrhythmia to the delivery of the shock is usually less than one minute.

6. Timely defibrillation is the single most important factor in saving the life of a victim with SCA. With each passing minute, a patient's chances of survival decrease by 10%.

7. DAVID RICE was a patient of Northwest Community Hospital in Arlington Heights, Illinois from December 29, 2018 until his discharge home on January 3, 2018.

8. DAVID RICE was prescribed a Zoll 4000 Life Vest in the hospital during his stay.

9. DAVID RICE was given the Zoll 4000 Life Vest by an agent or employee of ZOLL MEDICAL CORPORATION and/or ZOLL SERVICES, LLC on or about January 3, 2018.

10. DAVID RICE wore the Zoll 4000 Life Vest at all times herein relevant.

11. On January 5, 2018, DAVID RICE suffered sudden cardiac arrest in his home.

12. The Zoll 4000 Life Vest did not deliver a shock in response to the sudden cardiac arrest.

13. The Zoll 4000 Life Vest went off approximately 20-25 minutes after DAVID RICE had died from sudden cardiac arrest, in the presence of the responding paramedics and police officers.

14. That at the time it left the control of this Defendant, the Zoll 4000 Life Vest was unreasonably dangerous / not reasonably safe for its intended use in one or more of the following ways:

(a) the diagnostic and detection software for the Zoll 4000 Life Vest was defective;

(b) the treatment software for the Zoll 4000 Life Vest was defective;

(c) the heart sensors and/or electrodes of the Zoll 4000 Life Vest were defective;

(d) the connector connecting the electrode belt to the monitor of the Zoll 4000 Life Vest was defective;

(e) the vibration box connecting the heart sensors to the therapy pads of the Zoll 4000 Life Vest was defective;

(f) the therapy pads of the Zoll 4000 Life Vest were defective;

(g) The Zoll 4000 Life Vest did not work.

15. That as a direct and proximate result of the aforesaid unreasonably dangerous conditions, DAVID RICE died on January 5, 2018.

16. At all times herein relevant, Illinois adopted the Wrongful Death Act, 740 ILCS 180/1-2, which provided in pertinent part as follows:

> "Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who or company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured and although the death shall have been caused under such circumstances as amount in law to felony. (740 ILCS 180/1)"
>
> Every such action shall be brought by and in the names of the personal representatives of such deceased person, and, except as otherwise hereinafter provided, the amount recovered in every such action shall be for the exclusive benefit of the surviving spouse and next of kin of such deceased person and in every such action the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death, to the surviving spouse and next of kin of such deceased person. (740 ILCS 180/2)."

17. DAVID RICE left surviving heirs: his wife, ROSEANN RICE and his two children, TIMOTHY RICE and SAMANTHA RICE.

18. As a result of the death of DAVID RICE, ROSEANN RICE and the children have been deprived of the society, companionship, love and affection of their husband and father, and have experienced tremendous grief and suffering as a result of his death.

19. That ROSEANN RICE is the Special Representative of DAVID RICE, deceased.

WHEREFORE, the plaintiff, ROSEANN RICE, Special Representative of DAVID RICE, deceased, prays that this Court enter judgment in her favor and against the defendant, ZOLL MEDICAL CORPORATION, in a sum exceeding $50,000.00, plus costs.

COUNT IV
(Strict Products Liability/Survival – ZOLL MEDICAL CORPORATION)

1. On and prior to January 5, 2018, ZOLL MEDICAL CORPORATION was a foreign corporation (Massachusetts) licensed to do business in the State of Illinois which designed, marketed, manufactured, sold and distributed the Zoll 4000 Life Vest, a wearable defibrillator marketed as a treatment option for patients at risk for sudden cardiac arrest (SCA).

2. On and prior to January 5, 2018 ZOLL SERVICES, LLC was a foreign limited liability corporation (Nevada) which designed, marketed, manufactured, sold and distributed the Zoll 4000 Life Vest, a wearable defibrillator marketed as a treatment option for patients at risk for sudden cardiac arrest (SCA).

3. The Zoll 4000 Life Vest allows patients to return to their activities of daily living while having the peace of mind that they are protected from SCA.

4. The Zoll 4000 Life Vest provides constant monitoring, immediate protection and offers peace of mind for patients.

5. When the Zoll 4000 Life Vest detects a sustained, treatable, life-threatening arrhythmia, it will deliver a treatment shock to restore normal heart rhythm, and the time from detection of the arrhythmia to the delivery of the shock is usually less than one minute.

6. Timely defibrillation is the single most important factor in saving the life of a victim with SCA. With each passing minute, a patient's chances of survival decrease by 10%.

7. DAVID RICE was a patient of Northwest Community Hospital in Arlington Heights, Illinois from December 29, 2018 until his discharge home on January 3, 2018.

8. DAVID RICE was prescribed a Zoll 4000 Life Vest in the hospital during his stay.

9. DAVID RICE was given the Zoll 4000 Life Vest by an agent or employee of ZOLL MEDICAL CORPORATION and/or ZOLL SERVICES, LLC on or about January 3, 2018.

10. DAVID RICE wore the Zoll 4000 Life Vest at all times herein relevant.

11. On January 5, 2018, DAVID RICE suffered sudden cardiac arrest in his home.

12. The Zoll 4000 Life Vest did not deliver a shock in response to the sudden cardiac arrest.

13. The Zoll 4000 Life Vest went off approximately 20-25 minutes after DAVID RICE had died from sudden cardiac arrest, in the presence of the responding paramedics and police officers.

14. That at the time it left the control of this Defendant, the Zoll 4000 Life Vest was unreasonably dangerous / not reasonably safe for its intended use in one or more of the following ways:

(a) the diagnostic and detection software for the Zoll 4000 Life Vest was defective;

(b) the treatment software for the Zoll 4000 Life Vest was defective;

(c) the heart sensors and/or electrodes of the Zoll 4000 Life Vest were defective;

(d) the connector connecting the electrode belt to the monitor of the Zoll 4000 Life Vest was defective;

(e) the vibration box connecting the heart sensors to the therapy pads of the Zoll 4000 Life Vest was defective;

(f) the therapy pads of the Zoll 4000 Life Vest were defective;

(h) The Zoll 4000 Life Vest did not work.

15. That as a direct and proximate result of the aforesaid unreasonably dangerous conditions, DAVID RICE lost his chance of survival, and suffered injury and death on January 5, 2018.

16. That prior to dying, DAVID RICE suffered injuries of a personal and pecuniary nature that were directly and proximately caused by the aforesaid unreasonably dangerous conditions of this Defendant's product.

17. At all times herein relevant, Illinois adopted the Survival Act 755 ILCS 5/27-6, which provided in pertinent part as follows:

> "Actions which survive. In addition to the actions which survive by the common law, the following also survive: actions of replevin, actions to recover damages for an injury to the person (except slander and libel), actions to recover damages for an injury to real or personal property or for the detention or conversation of personal property, actions against officers for misfeasance, malfeasance, nonfeasance of themselves or their deputies, actions for fraud or deceit, and actions provided in Section 6-21 of an act relating to alcoholic liquors'." (755 ILCS 5/27-6)."

18. DAVID RICE left surviving heirs: his wife, ROSEANN RICE and his two children, TIMOTHY RICE and SAMANTHA RICE, who stand to recover for his injuries.

19. That ROSEANN RICE is the Special Representative of DAVID RICE, deceased.

WHEREFORE, the plaintiff, ROSEANN RICE, Special Representative of DAVID RICE, deceased, prays that this Court enter judgment in her favor and against the defendant, ZOLL MEDICAL CORPORATION, in a sum exceeding $50,000.00, plus costs.

COUNT V
(Negligence/Wrongful Death – ZOLL SERVICES, LLC)

1. On and prior to January 5, 2018, ZOLL MEDICAL CORPORATION was a foreign corporation (Massachusetts) licensed to do business in the State of Illinois which designed, marketed, manufactured, sold and distributed the Zoll 4000 Life Vest, a wearable defibrillator marketed as a treatment option for patients at risk for sudden cardiac arrest (SCA).

2. On and prior to January 5, 2018 ZOLL SERVICES, LLC was a foreign limited liability corporation (Nevada) which designed, marketed, manufactured, sold and distributed the Zoll 4000 Life Vest, a wearable defibrillator marketed as a treatment option for patients at risk for sudden cardiac arrest (SCA).

3. The Zoll 4000 Life Vest allows patients to return to their activities of daily living while having the peace of mind that they are protected from SCA.

4. The Zoll 4000 Life Vest provides constant monitoring, immediate protection and offers peace of mind for patients.

5. When the Zoll 4000 Life Vest detects a sustained, treatable, life-threatening arrhythmia, it will deliver a treatment shock to restore normal heart rhythm, and the time from detection of the arrhythmia to the delivery of the shock is usually less than one minute.

6. Timely defibrillation is the single most important factor in saving the life of a victim with SCA. With each passing minute, a patient's chances of survival decrease by 10%.

7. DAVID RICE was a patient of Northwest Community Hospital in Arlington Heights, Illinois from December 29, 2018 until his discharge home on January 3, 2018.

8. DAVID RICE was prescribed a Zoll 4000 Life Vest in the hospital during his stay.

9. DAVID RICE was given the Zoll 4000 Life Vest by an agent or employee of ZOLL MEDICAL CORPORATION and/or ZOLL SERVICES, LLC on or about January 3, 2018.

10. DAVID RICE wore the Zoll 4000 Life Vest at all times herein relevant.

11. On January 5, 2018, DAVID RICE suffered sudden cardiac arrest in his home.

12. The Zoll 4000 Life Vest did not deliver a shock in response to the sudden cardiac arrest.

13. The Zoll 4000 Life Vest went off approximately 20-25 minutes after DAVID RICE had died from sudden cardiac arrest, in the presence of the responding paramedics and police officers.

14. That at all times herein relevant, it was the duty of the defendant, ZOLL SERVICES, LLC, by and through its agents and employees to exercise ordinary care in the design, marketing, manufacture, sale and distribution of its product, the Zoll 4000 Life Vest.

15. That notwithstanding its duty as aforestated, the defendant, ZOLL SERVICES, LLC, was then and there guilty of one or more or all of the following negligent acts or omissions to act:

(a) carelessly and negligently designed, marketed, manufactured, sold and distributed the Zoll 4000 Life Vest;

(b) carelessly and negligently failed to address defects in the diagnostic and detection software for the Zoll 4000 Life Vest;

(c) carelessly and negligently failed to address defects in the treatment software for the Zoll 4000 Life Vest;

(d) carelessly and negligently failed to address defects in the heart sensors and/or electrodes of the Zoll 4000 Life Vest;

(e) carelessly and negligently failed to address defects in the connector connecting the electrode belt to the monitor of the Zoll 4000 Life Vest;

(f) carelessly and negligently failed to address defects in the vibration box connecting the heart sensors to the therapy pads of the Zoll 4000 Life Vest;

(g) carelessly and negligently failed to address defects in the therapy pads of the Zoll 4000 Life Vest;

(h) carelessly and negligently failed to address defects in the Zoll 4000 Life Vest, making it an unsafe product;

(i) carelessly and negligently failed to warn its consumers about the dangers of the Zoll 4000 Life Vest.

16. That as a direct and proximate result of the aforesaid acts or omissions to act, DAVID RICE died on January 5, 2018.

17. At all times herein relevant, Illinois adopted the Wrongful Death Act, 740 ILCS 180/1-2, which provided in pertinent part as follows:

> "Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who or company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured and although the death shall have been caused under such circumstances as amount in law to felony. (740 ILCS 180/1)"

Every such action shall be brought by and in the names of the personal representatives of such deceased person, and, except as otherwise hereinafter provided, the amount recovered in every such action shall be for the exclusive benefit of the surviving spouse and next of kin of such deceased person and in every such action the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death, to the surviving spouse and next of kin of such deceased person. (740 ILCS 180/2)."

18. DAVID RICE left surviving heirs: his wife, ROSEANN RICE and his two children, TIMOTHY RICE and SAMANTHA RICE.

19. As a result of the death of DAVID RICE, ROSEANN RICE and the children have been deprived of the society, companionship, love and affection of their husband and father, and have experienced tremendous grief and suffering as a result of his death.

20. That ROSEANN RICE is the Special Representative of DAVID RICE, deceased.

WHEREFORE, the plaintiff, ROSEANN RICE, Special Representative of DAVID RICE, deceased, prays that this Court enter judgment in her favor and against the defendant, ZOLL SERVICES, LLC, in a sum exceeding $50,000.00, plus costs.

## COUNT VI
(Negligence/Survival Claim – ZOLL SERVICES, LLC)

1. On and prior to January 5, 2018, ZOLL MEDICAL CORPORATION was a foreign corporation (Massachusetts) licensed to do business in the State of Illinois which designed, marketed, manufactured, sold and distributed the Zoll 4000 Life Vest, a wearable defibrillator marketed as a treatment option for patients at risk for sudden cardiac arrest (SCA).

2. On and prior to January 5, 2018 ZOLL SERVICES, LLC was a foreign limited liability corporation (Nevada) which designed, marketed, manufactured, sold and distributed the

Zoll 4000 Life Vest, a wearable defibrillator marketed as a treatment option for patients at risk for sudden cardiac arrest (SCA).

3. The Zoll 4000 Life Vest allows patients to return to their activities of daily living while having the peace of mind that they are protected from SCA.

4. The Zoll 4000 Life Vest provides constant monitoring, immediate protection and offers peace of mind for patients.

5. When the Zoll 4000 Life Vest detects a sustained, treatable, life-threatening arrhythmia, it will deliver a treatment shock to restore normal heart rhythm, and the time from detection of the arrhythmia to the delivery of the shock is usually less than one minute.

6. Timely defibrillation is the single most important factor in saving the life of a victim with SCA. With each passing minute, a patient's chances of survival decrease by 10%.

7. DAVID RICE was a patient of Northwest Community Hospital in Arlington Heights, Illinois from December 29, 2018 until his discharge home on January 3, 2018.

8. DAVID RICE was prescribed a Zoll 4000 Life Vest in the hospital during his stay.

9. DAVID RICE was given the Zoll 4000 Life Vest by an agent or employee of ZOLL MEDICAL CORPORATION and/or ZOLL SERVICES, LLC on or about January 3, 2018.

10. DAVID RICE wore the Zoll 4000 Life Vest at all times herein relevant.

11. On January 5, 2018, DAVID RICE suffered sudden cardiac arrest in his home.

12. The Zoll 4000 Life Vest did not deliver a shock in response to the sudden cardiac arrest.

13. The Zoll 4000 Life Vest went off approximately 20-25 minutes after DAVID RICE had died from sudden cardiac arrest, in the presence of the responding paramedics and police officers.

14. That at all times herein relevant, it was the duty of the defendant, ZOLL SERVICES, LLC, by and through its agents and employees to exercise ordinary care in the design, marketing, manufacture, sale and distribution of its product, the Zoll 4000 Life Vest.

15. That notwithstanding its duty as aforestated, the defendant, ZOLL SERVICES, LLC, was then and there guilty of one or more or all of the following negligent acts or omissions to act:

(a) carelessly and negligently designed, marketed, manufactured, sold and distributed the Zoll 4000 Life Vest;

(b) carelessly and negligently failed to address defects in the diagnostic and detection software for the Zoll 4000 Life Vest;

(c) carelessly and negligently failed to address defects in the treatment software for the Zoll 4000 Life Vest;

(d) carelessly and negligently failed to address defects in the heart sensors and/or electrodes of the Zoll 4000 Life Vest;

(e) carelessly and negligently failed to address defects in the connector connecting the electrode belt to the monitor of the Zoll 4000 Life Vest;

(f) carelessly and negligently failed to address defects in the vibration box connecting the heart sensors to the therapy pads of the Zoll 4000 Life Vest;

(g) carelessly and negligently failed to address defects in the therapy pads of the Zoll 4000 Life Vest;

(h) carelessly and negligently failed to address defects in the Zoll 4000 Life Vest, making it an unsafe product;

(i) carelessly and negligently failed to warn its consumers about the dangers

of the Zoll 4000 Life Vest.

16. That as a direct and proximate result of the aforesaid acts or negligent omissions to act, DAVID RICE lost his chance of survival, and suffered injury and death on January 5, 2018.

17. That prior to dying, DAVID RICE suffered injuries of a personal and pecuniary nature that were directly and proximately caused by the negligent acts or omissions of this Defendant.

18. At all times herein relevant, Illinois adopted the Survival Act 755 ILCS 5/27-6, which provided in pertinent part as follows:

> "Actions which survive. In addition to the actions which survive by the common law, the following also survive: actions of replevin, actions to recover damages for an injury to the person (except slander and libel), actions to recover damages for an injury to real or personal property or for the detention or conversation of personal property, actions against officers for misfeasance, malfeasance, nonfeasance of themselves or their deputies, actions for fraud or deceit, and actions provided in Section 6-21 of an act relating to alcoholic liquors'." (755 ILCS 5/27-6)."

19. DAVID RICE left surviving heirs: his wife, ROSEANN RICE and his two children, TIMOTHY RICE and SAMANTHA RICE, who stand to recover for his injuries.

20. That ROSEANN RICE is the Special Representative of DAVID RICE, deceased.

WHEREFORE, the plaintiff, ROSEANN RICE, Special Representative of DAVID RICE, deceased, prays that this Court enter judgment in her favor and against the defendant, ZOLL SERVICES, LLC, in a sum exceeding $50,000.00, plus costs.

## COUNT VII
(Strict Products Liability/Wrongful Death – ZOLL SERVICES, LLC)

1. On and prior to January 5, 2018, ZOLL MEDICAL CORPORATION was a foreign corporation (Massachusetts) licensed to do business in the State of Illinois which designed, marketed, manufactured, sold and distributed the Zoll 4000 Life Vest, a wearable defibrillator marketed as a treatment option for patients at risk for sudden cardiac arrest (SCA).

2. On and prior to January 5, 2018 ZOLL SERVICES, LLC was a foreign limited liability corporation (Nevada) which designed, marketed, manufactured, sold and distributed the Zoll 4000 Life Vest, a wearable defibrillator marketed as a treatment option for patients at risk for sudden cardiac arrest (SCA).

3. The Zoll 4000 Life Vest allows patients to return to their activities of daily living while having the peace of mind that they are protected from SCA.

4. The Zoll 4000 Life Vest provides constant monitoring, immediate protection and offers peace of mind for patients.

5. When the Zoll 4000 Life Vest detects a sustained, treatable, life-threatening arrhythmia, it will deliver a treatment shock to restore normal heart rhythm, and the time from detection of the arrhythmia to the delivery of the shock is usually less than one minute.

6. Timely defibrillation is the single most important factor in saving the life of a victim with SCA. With each passing minute, a patient's chances of survival decrease by 10%.

7. DAVID RICE was a patient of Northwest Community Hospital in Arlington Heights, Illinois from December 29, 2018 until his discharge home on January 3, 2018.

8. DAVID RICE was prescribed a Zoll 4000 Life Vest in the hospital during his stay.

9. DAVID RICE was given the Zoll 4000 Life Vest by an agent or employee of ZOLL MEDICAL CORPORATION and/or ZOLL SERVICES, LLC on or about January 3, 2018.

10. DAVID RICE wore the Zoll 4000 Life Vest at all times herein relevant.

11. On January 5, 2018, DAVID RICE suffered sudden cardiac arrest in his home.

12. The Zoll 4000 Life Vest did not deliver a shock in response to the sudden cardiac arrest.

13. The Zoll 4000 Life Vest went off approximately 20-25 minutes after DAVID RICE had died from sudden cardiac arrest, in the presence of the responding paramedics and police officers.

14. That at the time it left the control of this Defendant, the Zoll 4000 Life Vest was unreasonably dangerous / not reasonably safe for its intended use in one or more of the following ways:

(a) the diagnostic and detection software for the Zoll 4000 Life Vest was defective;

(b) the treatment software for the Zoll 4000 Life Vest was defective;

(c) the heart sensors and/or electrodes of the Zoll 4000 Life Vest were defective;

(d) the connector connecting the electrode belt to the monitor of the Zoll 4000 Life Vest was defective;

(e) the vibration box connecting the heart sensors to the therapy pads of the Zoll 4000 Life Vest was defective;

(f) the therapy pads of the Zoll 4000 Life Vest were defective;

(j) The Zoll 4000 Life Vest did not work.

15. That as a direct and proximate result of the aforesaid unreasonably dangerous conditions, DAVID RICE died on January 5, 2018.

16. At all times herein relevant, Illinois adopted the Wrongful Death Act, 740 ILCS 180/1-2, which provided in pertinent part as follows:

> "Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who or company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured and although the death shall have been caused under such circumstances as amount in law to felony. (740 ILCS 180/1)"
>
> Every such action shall be brought by and in the names of the personal representatives of such deceased person, and, except as otherwise hereinafter provided, the amount recovered in every such action shall be for the exclusive benefit of the surviving spouse and next of kin of such deceased person and in every such action the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death, to the surviving spouse and next of kin of such deceased person. (740 ILCS 180/2)."

17. DAVID RICE left surviving heirs: his wife, ROSEANN RICE and his two children, TIMOTHY RICE and SAMANTHA RICE.

18. As a result of the death of DAVID RICE, ROSEANN RICE and the children have been deprived of the society, companionship, love and affection of their husband and father, and have experienced tremendous grief and suffering as a result of his death.

19. That ROSEANN RICE is the Special Representative of DAVID RICE, deceased.

WHEREFORE, the plaintiff, ROSEANN RICE, Special Representative of DAVID RICE, deceased, prays that this Court enter judgment in her favor and against the defendant, ZOLL SERVICES, LLC, in a sum exceeding $50,000.00, plus costs.

<u>COUNT VIII</u>
(Strict Products Liability/Survival – ZOLL SERVICES, LLC)

1. On and prior to January 5, 2018, ZOLL MEDICAL CORPORATION was a foreign corporation (Massachusetts) licensed to do business in the State of Illinois which designed, marketed, manufactured, sold and distributed the Zoll 4000 Life Vest, a wearable defibrillator marketed as a treatment option for patients at risk for sudden cardiac arrest (SCA).

2. On and prior to January 5, 2018 ZOLL SERVICES, LLC was a foreign limited liability corporation (Nevada) which designed, marketed, manufactured, sold and distributed the Zoll 4000 Life Vest, a wearable defibrillator marketed as a treatment option for patients at risk for sudden cardiac arrest (SCA).

3. The Zoll 4000 Life Vest allows patients to return to their activities of daily living while having the peace of mind that they are protected from SCA.

4. The Zoll 4000 Life Vest provides constant monitoring, immediate protection and offers peace of mind for patients.

5. When the Zoll 4000 Life Vest detects a sustained, treatable, life-threatening arrhythmia, it will deliver a treatment shock to restore normal heart rhythm, and the time from detection of the arrhythmia to the delivery of the shock is usually less than one minute.

6. Timely defibrillation is the single most important factor in saving the life of a victim with SCA. With each passing minute, a patient's chances of survival decrease by 10%.

7. DAVID RICE was a patient of Northwest Community Hospital in Arlington Heights, Illinois from December 29, 2018 until his discharge home on January 3, 2018.

8. DAVID RICE was prescribed a Zoll 4000 Life Vest in the hospital during his stay.

9. DAVID RICE was given the Zoll 4000 Life Vest by an agent or employee of ZOLL MEDICAL CORPORATION and/or ZOLL SERVICES, LLC on or about January 3, 2018.

10. DAVID RICE wore the Zoll 4000 Life Vest at all times herein relevant.

11. On January 5, 2018, DAVID RICE suffered sudden cardiac arrest in his home.

12. The Zoll 4000 Life Vest did not deliver a shock in response to the sudden cardiac arrest.

13. The Zoll 4000 Life Vest went off approximately 20-25 minutes after DAVID RICE had died from sudden cardiac arrest, in the presence of the responding paramedics and police officers.

14. That at the time it left the control of this Defendant, the Zoll 4000 Life Vest was unreasonably dangerous / not reasonably safe for its intended use in one or more of the following ways:

(a) the diagnostic and detection software for the Zoll 4000 Life Vest was defective;

(b) the treatment software for the Zoll 4000 Life Vest was defective;

(c) the heart sensors and/or electrodes of the Zoll 4000 Life Vest were defective;

(d) the connector connecting the electrode belt to the monitor of the Zoll 4000 Life Vest was defective;

(e) the vibration box connecting the heart sensors to the therapy pads of the Zoll 4000 Life Vest was defective;

(f) the therapy pads of the Zoll 4000 Life Vest were defective;

(g) The Zoll 4000 Life Vest did not work.

15. That as a direct and proximate result of the aforesaid unreasonably dangerous conditions, DAVID RICE lost his chance of survival, and suffered injury and death on January 5, 2018.

16. That prior to dying, DAVID RICE suffered injuries of a personal and pecuniary nature that were directly and proximately caused by the aforesaid unreasonably dangerous conditions of this Defendant's product.

17. At all times herein relevant, Illinois adopted the Survival Act 755 ILCS 5/27-6, which provided in pertinent part as follows:

> "Actions which survive. In addition to the actions which survive by the common law, the following also survive: actions of replevin, actions to recover damages for an injury to the person (except slander and libel), actions to recover damages for an injury to real or personal property or for the detention or conversation of personal property, actions against officers for misfeasance, malfeasance, nonfeasance of themselves or their deputies, actions for fraud or deceit, and actions provided in Section 6-21 of an act relating to alcoholic liquors'." (755 ILCS 5/27-6)."

18. DAVID RICE left surviving heirs: his wife, ROSEANN RICE and his two children, TIMOTHY RICE and SAMANTHA RICE, who stand to recover for his injuries.

19. That ROSEANN RICE is the Special Representative of DAVID RICE, deceased.

WHEREFORE, the plaintiff, ROSEANN RICE, Special Representative of DAVID RICE, deceased, prays that this Court enter judgment in her favor and against the defendant, ZOLL SERVICES, LLC, in a sum exceeding $50,000.00, plus costs.

____________________________

Lauren A. Buchanan & Associates, P.C.
30 N. LaSalle Street
Suite 3200
Chicago, IL 60602
(312) 759-7764
lauren@laurenbuchananlaw.com
#6296300

FILED
6/28/2018 8:10 AM
ERIN CARTWRIGHT WEINSTEIN
Clerk of the Circuit Court
Lake County, Illinois

IN THE CIRCUIT COURT OF LAKE COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

189624
#6296300

ROSEANN RICE, Special Representative of DAVID RICE, deceased,

Plaintiff,

v.

ZOLL MEDICAL CORPORATION & ZOLL SERVICES, LLC,

Defendants.

No. 18L508

**AFFIDAVIT PURSUANT TO SUPREME COURT RULE 222(B)**

Pursuant to Supreme Court Rule 222(B), counsel for the above-named plaintiff certifies that plaintiff seeks money damages in excess of Fifty Thousand and 00/100ths Dollars ($50,000.00).

[signature]

Lauren Buchanan
Lauren A. Buchanan & Associates, P.C.
30 N. LaSalle Street
Suite 3200
Chicago, IL 60602
(312) 759-7764
lauren@laurenbuchananlaw.com
#6296300